896 A.2d 454

CHRISTOPHER RYAN, PLAINTIFF–RESPONDENT, AND
TARA STROUT, PLAINTIFF, v. AMERICAN HONDA
MOTOR CO., INC., DEFENDANT–APPELLANT.

Argued January 18, 2006—Decided February 27, 2006.

*David M. Gossett,* a member of the Illinois and District of Columbia bars, argued the cause for appellant (*Marshall, Dennehey, Warner, Coleman & Goggin,* attorneys; *Mr. Gossett, Kevin M. McKeon* and *Evan Tager,* a member of the New York and District of Columbia bars, of counsel and on the briefs).

*Carl D. Poplar* argued the cause for respondent (*Kimmel & Silverman,* attorneys; *Mr. Poplar* and *Robert M. Silverman,* on the briefs).

*Anne S. Burris* submitted a letter in lieu of brief on behalf of amicus curiae Association of International Automobile Manufacturers, Inc. (*Lindabury, McCormick & Estabrook,* attorneys).

*Polly N. Phillippi* submitted a brief on behalf of amicus curiae Alliance of Automobile Manufacturers (*Kantrowitz & Phillippi,* attorneys).

PER CURIAM.

The primary question presented on this appeal is whether a motor vehicle lessee may invoke the provisions of a manufacturer's warranty under the Magnuson–Moss Warranty Federal Trade Commission Improvement Act. 15 *U.S.C.A.* §§ 2301–2312.

I

The facts of the case are detailed in the decision of the Appellate Division. *Ryan v. Am. Honda Motor Corp.,* 376 *N.J.Super.* 185, 187–89, 869 *A.*2d 945 (App.Div.2005). Briefly, plaintiff, Christopher Ryan, entered into a closed-end vehicle lease with Burns Honda, an authorized dealer and repair facility for defendant, American Honda Motor Co., Inc. (American Honda). American Honda Finance Corp. administered the lease. The vehicle, a new 1999 Honda Passport, carried a three-year/36,000 mile manufacturer's new vehicle limited warranty, as well as several parts and equipment warranties. Ryan's lease agreement included the following relevant provisions in the "vehicle warranties" section: (1) "If the Vehicle is new, it is covered by the Manufacturer's New

Vehicle Warranty," and (2) "Lessor assigns to me all of its rights in the above specified warranties."

Fifteen months and 22,000 miles into the thirty-six month lease term, Ryan's vehicle manifested engine problems. Burns Honda denied coverage under the manufacturer's warranty and Ryan's insurance company paid for the repairs, less a $2000 deductible. Ryan continued to have problems with the vehicle despite numerous repairs, and it was repossessed in November 2001.

In July 2001, Ryan filed a complaint against American Honda alleging, among other things, that it violated Magnuson–Moss and the New Jersey Consumer Fraud Act, *N.J.S.A.* 56:8–1 to –20, in failing to properly repair the vehicle. The trial judge dismissed those claims, holding essentially that Ryan, as a lessee, was not a consumer under Magnuson–Moss and thus was not entitled to warranty protection. Because there was no breach of warranty, the Consumer Fraud Act claim also failed.[1] Ryan appealed and the Appellate Division reversed declaring that a lessee is a consumer under Magnuson–Moss and that because Ryan's Consumer Fraud Act claim was dismissed without analysis, it required further explanation by the trial judge.

American Honda filed a petition for certification that we granted. 185 *N.J.* 36, 878 *A.*2d 853 (2005). We now affirm.

## II

Enacted in 1975, Magnuson–Moss was a response to the "irate owners of motor vehicles complaining that automobile manufacturers and dealers were not performing in accordance with the warranties on their automobiles." *Motor Vehicle Mfrs. Ass'n of U.S. v. Abrams*, 899 *F.*2d 1315, 1317 (2d Cir.1990) (quoting H.R. Rep. No. 93–1107 (1974), *as reprinted in* 1974 U.S.C.C.A.N. 7702, 7708). To achieve its aim, the Act requires clear disclosure of the

---

[1] The judge imposed sanctions against Ryan that were reversed by the Appellate Division and are not at issue here.

terms of all warranties and declares that "to meet the Federal minimum standards for warranty" a warrantor must at a minimum "remedy such consumer product within a reasonable time and without charge, in the case of a defect, malfunction, or failure to conform with such written warranty" and that, if the warrantor's repair attempts do not remedy the defects reasonably promptly, the warrantor must provide a refund or replacement. 15 *U.S.C.A.* §§ 2304(a)(1), (4).

To enforce its requirements, the Act permits "a consumer who is damaged by the failure of the supplier, warrantor, or service contractor to comply with any obligation under this chapter, or under a written warranty, implied warranty, or service contract" to sue warrantors for damages and other relief including attorneys' fees. 15 *U.S.C.A.* §§ 2310(d)(1), (2). In order to invoke the provisions of the Act, a plaintiff must fall within one of three definitions of "consumer":

[A] buyer (other than for purposes of resale) of any consumer product, any person to whom such product is transferred during the duration of an implied or written warranty (or service contract) applicable to the product, and any other person who is entitled by the terms of such warranty (or service contract) or under applicable State law to enforce against the warrantor (or service contractor) the obligations of the warranty (or service contract).

[15 *U.S.C.A.* § 2301(3).]

Ryan concedes that he is not a consumer under definition one because he is a lessee and not a buyer, but contends that he qualifies under the second and third definitions. The Appellate Division agreed that Ryan satisfies both definitions and reinstated his Magnuson–Moss claim. American Honda argues here, as below, that Ryan, as a lessee, is not a consumer within the meaning of Magnuson–Moss and that the warranty at issue does not meet the specialized definition in the Act. We have carefully reviewed this record in light of those challenges and affirm the ultimate determination of the Appellate Division—that Ryan's Magnuson–Moss claim should be reinstated.

However, we reach that conclusion on a narrower basis than did the Appellate Division. As indicated, that court held that Ryan

qualified as a Magnuson–Moss consumer under the Act's second and third definitions. We hold only that a lessee satisfies the third definition—"any other person who is entitled by the terms of the warranty or under applicable state law to enforce the warranty." 15 *U.S.C.A.* § 2301(3).

In reaching that conclusion we take our lead from *Voelker v. Porsche Cars N. Am. Inc.,* 353 *F.*3d 516 (7th Cir.2003), which held, in circumstances nearly identical to those in this case, that although neither of the first two definitions applies, a new car lessee falls within the third definition of consumer under Magnuson–Moss. *Id.* at 524. Undergirding the ruling in *Voelker* was the notion that when the dealer assigned plaintiff the rights under the manufacturer's warranty, plaintiff was entitled under Illinois law to enforce the warranty, rendering him a category three consumer. *Id.* at 524–25. In ruling, the court specifically rejected defendant's alternative contention that because the transaction between the manufacturer and the dealer was for resale purposes, it fell outside the definition of "written warranty" in § 2301(6) of the Act.[2] *Id.* at 525. Although the court in *Voelker* acknowledged the "for resale" aspect of the transaction before it, it held:

> For Voelker to state a valid claim, however, the New Car Limited Warranty need not meet the definition of written warranty contained in § 2301(6). Because Voelker is a category three consumer *entitled under state law* to enforce the New Car Limited Warranty, he is a consumer allowed under the Magnuson–Moss Act to

---

2 The Act defines "written warranty" as:

(A) any written affirmation of fact or written promise made in connection with the sale of a consumer product by a supplier to a buyer which relates to the nature of the material or workmanship and affirms or promises that such material or workmanship is defect free or will meet a specified level of performance over a specified period of time, or

(B) any undertaking in writing in connection with the sale by a supplier of a consumer product to refund, repair, replace, or take other remedial action with respect to such product in the event that such product fails to meet the specifications set forth in the undertaking;

which written affirmation, promise, or undertaking becomes part of the basis of the bargain between the supplier and a buyer *for purposes other than resale* of such product.

[15 *U.S.C.A.* § 2301(6) (emphasis added).]

enforce the New Car Limited Warranty. See 15 *U.S.C.* § 2301(3)(including as consumers those entitled to enforce a warranty, "under applicable State law"); *Dekelaita [v. Nissan Motor Corp. in U.S.,* 343 *Ill.App.*3d 801, 278 *Ill.Dec.* 649, 799 *N.E.*2d 367, 374 (2003)] (holding that "the third prong does not exclusively require that the warranty meets the Act's definition if in fact it is enforceable under state law").

In short, because Voelker, under the assignment from Copans, is a person entitled to enforce the New Car Limited Warranty under the applicable state law, we hold that Voelker may proceed as a category three consumer regarding his claim for breach of written warranty under the Magnuson–Moss Act.

[*Ibid.*]

Although we are not bound by the decisions of the circuit courts, it is well-established that under principles of comity, and in the interests of uniformity, federal interpretations of federal enactments are entitled to our respect. *See Dewey v. R.J. Reynolds Tobacco Co.,* 121 *N.J.* 69, 80, 577 *A.*2d 1239 (1990). Because *Voelker* is persuasive and directly on point, and because no other federal circuit has ruled to the contrary, we defer to it.

Ryan, as the assignee of the dealer's warranty, is entitled to enforce the warranty under New Jersey law. *Miller Auto Leasing Co. v. Weinstein,* 189 *N.J.Super.* 543, 546, 461 *A.*2d 174 (Law Div.1983), *aff'd o.b.,* 193 *N.J.Super.* 328, 473 *A.*2d 996 (App.Div.), *certif. denied,* 97 *N.J.* 676, 483 *A.*2d 192 (1984) (describing new car warranty obligations as having been "given directly by the manufacturer through [the dealer] to the ultimate consumers," including lessees). Accordingly, Ryan meets the third definition of consumer under Magnuson–Moss and may pursue his warranty claim.

With that modification, we affirm the judgment of the Appellate Division in all other respects.

Justice RIVERA–SOTO, concurring in part and dissenting in part.

As the majority correctly notes, "[t]he primary question presented on this appeal is whether a motor vehicle lessee may invoke the provisions of a manufacturer's warranty under the Magnuson–Moss Warranty Federal Trade Commission Improvement Act. 15 *U.S.C.* §§ 2301–2312." *Ante,* 186 *N.J.* at 432, 896 *A.*2d at 455

(2006). In its analysis, the majority also correctly notes that the scope of the Magnuson–Moss Warranty Act is limited to statutorily defined "consumers" and that there are three categories of "consumers" under the Magnuson–Moss Warranty Act.[1] To the extent that both the Appellate Division and the majority conclude that plaintiff Christopher Ryan, the lessee of an automobile and not a purchaser of that automobile who claims the benefit of a written (not an implied) warranty, does not satisfy the first category of a statutorily defined "consumer" under the Magnuson–Moss Warranty Act, that is, "a buyer (other than for purposes of resale) of any consumer product," I concur. Further, to the extent the majority disagrees with the Appellate Division and concludes that plaintiff does not satisfy the second category of a statutorily defined "consumer" under the Magnuson–Moss Warranty Act—"any person to whom such product is transferred during the duration of an implied or written warranty (or service contract) applicable to the product"—I also concur.

However, I must part company with the majority in its endorsement of the Appellate Division's conclusion that plaintiff does qualify as a "consumer" under the third and final category of the definition set forth in the Magnuson–Moss Warranty Act: "any other person who is entitled by the terms of such warranty (or service contract) or *under applicable State law* to enforce against the warrantor (or service contractor) the obligations of the warranty (or service contract)." (emphasis supplied). Instead of relying, as the majority does, on *Voelker v. Porsche Cars N. Am. Inc.*, 353 *F.*3d 516 (7th Cir.2003), a decision of a federal intermediate court of appeals applying state law, I embrace the thoughtful, cogent and, in my view, thorough analysis of the New York Court of Appeals in *DiCintio v. DaimlerChrysler Corp.*, 97 *N.Y.*2d 463,

---

[1] The Magnuson–Moss Warranty Act does not use the term "categories" in respect of the several statutory definitions of "consumer" set forth at 15 *U.S.C.* § 2301(3); the concept of "categories" of "consumers" is nothing more than a judicially-created gloss on the statutory definition. *See, e.g., Peterson v. Volkswagen of Am., Inc.*, 281 *Wis.*2d 39, 697 *N.W.*2d 61, 66 n. 10 (2005).

742 *N.Y.S.*2d 182, 768 *N.E.*2d 1121 (2002), where Chief Judge Kaye convincingly demonstrates that, in order for a claim to be cognizable under the Magnuson–Moss Warranty Act, the plaintiff must be a "consumer" who is entitled to claim the benefit of either a "written warranty" or a warranty implied by operation of State law. It is the interplay between these statutory definitions that requires that a "consumer" must be the purchaser of the product under warranty.

As Chief Judge Kaye explains, in its definitions the Magnuson–Moss Warranty Act requires a sale of the product as a condition precedent to the existence of the "implied or written warranty" separately required in the statutory definition of a "consumer." *Id.* at 470, 742 *N.Y.S.*2d 182, 768 *N.E.*2d at 1124. *See* 15 *U.S.C.* § 2301(6) (defining "written warranty" as requiring the coalescence of two separate elements: (1) either a "written affirmation of fact or written promise" or "any undertaking in writing" and (2) that such written affirmation of fact, written promise or undertaking in writing be "made in connection with the sale of a consumer product...."); 15 *U.S.C.* § 2301(7) (defining "implied warranty" as one "arising under State law ... in connection with the sale by a supplier of a consumer product.").

The analysis, therefore, is simple and straightforward. In order to claim the remedies available under the Magnuson–Moss Warranty Act, the claimant must fall squarely within its statutory definitions. The Magnuson–Moss Warranty Act, by its own explicit terms, requires that there be a "sale of a consumer product" to a "consumer" before its remedial measures in respect of the enforcement of either an "implied or written warranty" can be reached.[2] Plaintiff here did not purchase the car; he leased it

---

[2] As counsel for plaintiff recognized at oral argument, New Jersey acknowledges other available remedies specifically addressing the repair of automobiles. *See generally Thiedemann v. Mercedes–Benz USA, LLC,* 183 *N.J.* 234, 254–55, 872 *A.*2d 783 (2005). Counsel candidly admitted that the issue before us is not whether this particular plaintiff is without a remedy—for plaintiff readily admits the availability of other remedies on his warranty claim—but simply counsel's

from his car dealer. In those circumstances, Chief Judge Kaye said it best:

> In sum, because [plaintiff's] transaction with [his lessor] was a lease rather than a sale, and there is no other relevant sale, there is no "written warranty" or "implied warranty" under the [Magnuson–Moss] Warranty Act and [plaintiff] is not a "consumer." Because he is not a consumer, [plaintiff] can find no relief in the substantive sections of the [Magnuson–Moss] Warranty Act.
>
> [*DiCintio v. DaimlerChrysler Corp.*, *supra*, 97 *N.Y.*2d at 475, 742 *N.Y.S.*2d 182, 768 *N.E.*2d at 1127.]

Chief Judge Kaye's clear logic is compelled by the unambiguous terms of the Magnuson–Moss Warranty Act. Therefore, I respectfully dissent.

*For affirmed as modified*—Chief Justice PORITZ and Justices LONG, LaVECCHIA, ZAZZALI, ALBIN and WALLACE—6.

*For concurrence in part; dissent in part*—Justice RIVERA-SOTO—1.

---

claim for attorney's fees available under the Magnuson–Moss Warranty Act, yet unavailable elsewhere. *See* 15 *U.S.C.* § 2310(d)(2). We therefore now expand the reach of the Magnuson–Moss Warranty Act not because there is a gap in remedies to the consumer, but to allow for attorney fee-shifting that is generally disfavored in our law, *see In re Estate of Vayda*, 184 *N.J.* 115, 120–25, 875 *A.2d* 925 (2005), but otherwise permitted under the Magnuson–Moss Warranty Act.